IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:        4:09cr9/MCR/CAS
                                                   4:14cv240/MCR/CAS

LEONDRAY GIBSON,

    Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended Motion to
Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.
(ECF No. 350).   The Government has filed a response (ECF No. 365) and
Defendant filed a reply.   (ECF No. 376).   The case was referred to the
undersigned for the issuance of all preliminary orders and any
recommendations to the district court regarding dispositive matters.   See
N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P.
72(b).   After a careful review of the record and the arguments presented, it
is the opinion of the undersigned that Defendant has not raised any issue
requiring an evidentiary hearing and that the § 2255 motion should be
denied.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant Leondray Gibson and three others were charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base.   (ECF No. 7).   The other three defendants were also charged with a substantive count of possession with intent to distribute cocaine on a date certain.   Defendant was convicted after a six day jury trial and sentenced to a term of life imprisonment.   (ECF Nos. 215, 294-299, 304, 309, 310).   His conviction and sentence were affirmed on appeal.   (ECF No. 341).   The court later reduced Defendant's sentence to a term of 360 months.   (ECF No. 378).

Defendant timely filed the instant motion to vacate, represented by retained counsel William Kent.   He raises five grounds for relief, encompassing both ineffective assistance of counsel and an allegation of newly discovered evidence.   The Government opposes the motion.

## ANALYSIS

### General Legal Standards

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are

Case Nos.: 4:09cr9/MCR/CAS; 4:14cv240/MCR/CAS

extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States*

*v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36

F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation

omitted).   Broad discretion is afforded to a court's determination of whether

a particular claim has been previously raised.   *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different

factual allegations . . . or supported by different legal arguments . . . or

couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct

appeal, issues which could have been raised on direct appeal are generally

not actionable in a section 2255 motion and will be considered procedurally

barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S.

614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir.

2011).   An issue is "'available' on direct appeal when its merits can be

reviewed without further factual development."   *Lynn*, 365 F.3d at 1232

n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of

error was unavailable on direct appeal, a court may not consider the

ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The

likelihood of a different result must be substantial, not just conceivable."
*Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For
the court to focus merely on "outcome determination," however, is
insufficient; "[t]o set aside a conviction or sentence solely because the
outcome would have been different but for counsel's error may grant the
defendant a windfall to which the law does not entitle him."   *Lockhart v.
Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*,
611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish
"that counsel's errors were so serious as to deprive the defendant of a fair
trial, a trial whose result is reliable."   *Lockhart*, 506 U.S. at 369 (quoting
*Strickland*, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a
defendant must demonstrate that there is a reasonable probability that, but
for counsel's errors, the result of the proceeding would have been less
harsh due to a reduction in the defendant's offense level.   *Glover v. United
States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is
not required to establish prejudice, as "any amount of actual jail time has
Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take

might have helped his case does not direct a finding that counsel was

*constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518

F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective

assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d

at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).

To be entitled to a hearing, a defendant must allege facts that, if true, would

prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d

1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record.   *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Defendant's Individual Claims</u>

<u>Ground One</u>

Defendant first claims that counsel was constitutionally ineffective because he failed to object to an erroneous jury instruction.   The instruction in question purportedly changed the offense to a conspiracy to distribute "a mixture or substance" which is not defined as an offense under 21 U.S.C. § 841(a)(1).

The superseding indictment charged Defendant with conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and that this offense involved more than five (5) kilograms of a mixture and substance containing a detectable amount of cocaine and more than fifty (50) grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and 841(b)(1)(A)(iii), and that this was in violation of 21 U.S.C. § 846.   The latter provision criminalizes conspiracies to violate § 841(a)(1) and applies the penalties set forth for the object of the conspiracy to the conspiracy itself.

The court instructed the jury in Defendant's case that the three defendants were charged with conspiracy, using the "mixture and substance," language from the indictment.   (ECF No. 212 at 13).   In order to return a verdict of guilty, the jury was instructed that the Government must prove, inter alia, that "the object of the unlawful plan was to distribute or possess with the intent to distribute more than 5 kilograms of a mixture and substance containing cocaine or more than 50 grams of a mixture and substance containing cocaine base."   (ECF No. 212 at 14-15).     The jury was further instructed that its finding with respect to the weight of the controlled substance(s) for which each defendant was responsible had to be unanimous.   With respect to Defendant Leondray Gibson, the jury unanimously found that the offense conduct involved more than five kilograms of cocaine and more than 50 grams of cocaine base.   (ECF No. 215 at 2).

Defendant's claim that the jury instructions enlarged the offense beyond what is provided in the statute is neither factually nor legally supported.   In his reply, Defendant concedes that the exact argument he makes "has not been the subject of any reported appellate decision that counsel can find," while claiming the concept is not unique or new.   (ECF

No. 376 at 2).    Counsel was not constitutionally ineffective for not making a novel and admittedly unsupported argument.

Ground Two

Defendant asserts that counsel was constitutionally ineffective because he did not file a motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure and argue that there was insufficient evidence at trial to prove that he conspired "to knowingly and intentionally possess with intent to distribute a mixture or substance."   He identifies the basis for such a motion as the fact that the phrase "mixture or substance" is not defined in the statute.

The Government notes that there is no requirement that every word in a statute, jury instruction, or verdict form be statutorily defined.   In the absence of a statutory definition, the court must consider whether the language at issue has a plan and unambiguous meaning.   *United States v. Williams*, 790 F. 3d 1240, 1245 (11th Cir. 2015) (citing *United States v. Fisher*, 289 F.3d 1329, 1337-38 (11th Cir. 2002); *Smith v. United States*, 508 U.S. 223, 228 (1993)).   If the meaning of a statute is plain and unambiguous, there is no need for further inquiry.   *Fisher*, 289 F.3d at 1338.   In this case, 21 U.S.C. § 841(b)(1)(A) criminalizes offense conduct

involving not only a "pure" form of the respective controlled substances, but a "mixture or substance containing a detectable amount of" the substances in question.   There was no basis for counsel to make the objection Defendant now puts forth.   Counsel was not constitutionally ineffective for declining to make a meritless objection, and Defendant is not entitled to relief.

Ground Three

Defendant next contends that counsel was ineffective because he did not file a motion to arrest judgment under Rule 34 of the Federal Rules of Criminal Procedure on the ground that Defendant's conspiracy conviction under 21 U.S.C. § 846 was invalid and for an offense that does not exist. This argument is based on the same premise set forth in Grounds One and Two, that distribution of a "mixture or substance" containing a detectable amount of unlawful substances is not a crime.   Counsel was not ineffective as a result of not filing a Rule 34 motion, and this claim warrants no relief.

Ground Four

Fourth, Defendant asserts that counsel was constitutionally ineffective at sentencing.   Specifically, he claims that counsel should have objected to his being sentenced to a mandatory minimum sentence under

21 U.S.C. § 841(b)(1)(a)(ii) and (iii).   Defendant claims that the jury found him guilty of conspiracy to distribute a controlled substance only, not that he was eligible for a mandatory minimum sentence.   Defendant is again mistaken.

It was the jury's finding that Defendant was responsible for more than five kilograms of cocaine and more than 50 grams of cocaine base.   These quantities of drugs triggered the mandatory penalties under § 841(b)(1)(A)(ii).   No meritorious objection was available to counsel, and his performance was not constitutionally deficient.

<u>Ground Five</u>

In his final ground for relief, Defendant claims to have obtained newly discovered evidence that his conviction and sentence were procured in reliance upon false and perjurious testimony of numerous Government witnesses.   Defendant asserts, without any evidentiary support, that five of the Government's cooperating witnesses, Gary Sheppard, Daniel Durden, Mario Larry, Chaddrick Quinn and Carlos Peace, "have admitted that substantial portions of their testimony were fabricated, particularly the drug quantities."   The same witnesses allegedly confirmed that the witnesses who were housed together met and shared information following their

debriefings with Government agents and "would then coordinate the fabrication of testimony based on the Government's perceived need for evidence."   (ECF No. 350 at 17).

The Government's response reflects that AUSA Simpson and Defendant's post-conviction counsel had talked repeatedly about this claim, which defense counsel admitted was based solely on information provided by Defendant Gibson.   (ECF No. 365 at 4).   Defense counsel purportedly sent an investigator to meet with these witnesses, but was unsuccessful in finding evidence to support the claim.   (*Id.*).

In his reply memorandum, Defendant states:

> With respect to the newly discovered evidence claim in Ground Five, counsel confirms that his limited independent investigation was unable to confirm the factual assertions made in the initial pleading, but that investigation was necessarily limited by Gibson's extremely limited resources and was insufficient to refute Gibson's claim.   Only Gary Sheppard was interviewed. His interview did not support the claim.   Due to lack of resources, counsel was unable to investigate the other witnesses.

(ECF No. 376 at 9).   Counsel concludes by stating that his client has not authorized him to withdraw this claim.

There is no evidence of record that supports Defendant's position that any of the witnesses has either retracted his trial testimony or admitted any

fabrication.    Having failed to provide any support of this claim, it must be

denied.

<u>Conclusion</u>

For all of the foregoing reasons, the court finds that Defendant has

failed to show that any of the claims raised in his motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.    Nor

has he shown that an evidentiary hearing is warranted.    Therefore

Defendant's motion should be denied in its entirety.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.    Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the

denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation

Case Nos.: 4:09cr9/MCR/CAS; 4:14cv240/MCR/CAS

omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The amended motion to vacate, set aside, or correct sentence (ECF No. 350) be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 7th day of June, 2017.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

Case Nos.: 4:09cr9/MCR/CAS; 4:14cv240/MCR/CAS

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.